**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ASHLEIGH HARRISON                                                                 PLAINTIFF

V.                                NO: 3:16CV00228 JLH

BEN HYNIMAN *et al*                                              DEFENDANTS

**ORDER**

Plaintiff Ashleigh Harrison, who is currently held at the Poinsett County Detention Center, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 (Doc. No. 2), on August 31, 2016. Defendants are Ben Hyniman, a banker, insurance owner, and farmer; Poinsett County Sheriff Larry Mills; and attorney Larry Jennings.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v.*

*North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

Harrison asserts Hyniman forged deeds as part of a plan to donate her family land to the Poinsett County Sheriff's Department.  According to the complaint, Jennings was "over" her grandfather's will, and was paid to ensure the land stayed in her family's possession.  Harrison also asserts she is being held in the Poinsett County Detention Center on false charges.

**Defendants Hyniman and Jennings**

Harrison's claims against Hyniman and Jennings must be dismissed because Hyniman and Jennings are not state officials.  To state a cognizable claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996).  Harrison has alleged no facts to suggest either Hyniman or Jennings were acting under color of state law when they took the actions alleged, and therefore has failed to state a claim for relief against them.

**Defendant Mills**

According to Harrison, she is being held in the detention center on false charges. To the extent Harrison is pursuing a claim against Mills based on the allegedly false charges, her claims must be dismissed.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings.  The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

It is evident from the complaint that Harrison is involved in an ongoing state judicial proceeding in connection with charges which are the basis for her detention. Given that the state matter is ongoing, and that the state clearly has an important interest in its criminal justice procedures, the Court concludes it should abstain from entertaining Harrison's constitutional claims. There is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate.

Having determined that abstention is appropriate, the Court must decide whether to dismiss or to stay the case. When *Younger* abstention applies in case where only injunctive or equitable relief is sought, it is clear that the appropriate disposition is dismissal of the federal action. *Night*

*Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Because Harrison does not seek damages, and requests only injunctive or equitable relief, her complaint must be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Harrison's complaint is DISMISSED WITH PREJUDICE with respect to her claims against defendants Hyniman and Jennings, and DISMISSED WITHOUT PREJUDICE with respect to her claims against defendant Mills.

2. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 19th day of September, 2016.

*/s/ J. Leon Holmes*
_____
UNITED STATES DISTRICT JUDGE